**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NANCY GILBERTI,**

    Plaintiff,

v.                                Case No.  8:13-cv-821-T-30EAJ

**NANCY WELLING, individual, d/b/a**
**Consumer Collection Service, et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Judgment on the Pleadings (Dkt. 5) and Response in Opposition to Motion for Judgment on the Pleadings (Dkt. 6).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes the Defendants' answer should be stricken and the motion for judgment on the pleadings should be denied as moot.

Plaintiff Nancy Gilberti brings this action against Defendants Nancy and David Welling, as individuals doing business as Consumer Collection Service, for violations of the Fair Debt Collection Practices Act ("FDCPA").  Specifically, Gilberti alleges that the Wellings violated 15 U.S.C. § 1692g by "inclusion of the phrase 'in writing' and by failing to state 'within thirty days *after receipt of the notice*.'" Dkt. 1 at 3, ¶ 11.  The Wellings, proceeding *pro se*, filed a letter as their answer which included the following:

> As to the matter at hand, we believe that our letter substantially conforms to Federal Trade Commission requirements.  If we did date letters and they sat for any amount of time before being collated, stamped and mailed, the recipient might have substantially less time to answer than the thirty days from their receipt as stated in paragraph four of our "request for payment."
> We believe that we have acted properly and within the intention of the Fair Debt Collection Practices Act and that we have committed no infraction that could be the basis for a legal action.
> We further believe that the proper venue of this complaint would be the Federal Trade Commission rather than the United States District Court.
> In summary, we believe that Ms. Gilberti has no actionable matter, that we have acted in substantial conformity with the law, and that we intend to vigorously defend our Company.

Dkt. 4.

Rule 8 of the Federal Rules of Civil Procedure requires a party to respond to a pleading by either admitting or denying each allegation.  Fed. R. Civ. P. 8(b)(1).  "A denial must fairly respond to the substance of the allegation" and "[a]n allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(2) & (6).

"Pleadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).  However, the Wellings' answer does not "admit or deny the allegations asserted against it" by Gilberti. The Court cannot tell from the above response whether the Wellings intended to admit or deny any allegations or if instead they are attempting to raise affirmative defenses.  Fed. R. Civ. P. 8(b).  Accordingly, the Court strikes the Wellings' answer based on their failure to comply with Rule 8(b) and denies as moot Gilberti's motion for judgment on the pleadings.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' answer (Dkt. 4) is STRICKEN.

2. Defendants shall file an answer that complies with Rule 8(b) of the Federal Rules of Civil Procedure within fourteen (14) days of the date of this Order.

3. Plaintiff's Motion for Judgment on the Pleadings (Dkt. 5) is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 8, 2013.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-821.judgmentonpleadings.frm