UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY GILBERTI,

    Plaintiff,

v.                                                    Case No: 8:13-cv-821-T-30EAJ

NANCY WELLING and
DAVID WELLING,

    Defendants.
_____

## **ORDER**

THIS CAUSE comes before the Court upon the Plaintiff's Renewed Motion for Judgment on the Pleadings (Dkt. #9) and Defendants' Response in Opposition to Motion (Dkt. #16), Defendants' Motions for Sanctions for Professional Misconduct (Dkts. #15 and #17). Upon review and consideration, it is the Court's conclusion that Plaintiff's Renewed Motion for Judgment on the Pleadings should be denied. Further, Defendants' Motions for Sanctions should be denied.

The Defendants correctly argue out in their response that since Plaintiff Nancy Gilberti died on August 15, 2013, and Plaintiff's attorney filed the Motion on September 24, 2013 the attorney should not have filed the Motion. The death of a client terminates the relationship between the attorney and the client, therefore an attorney no longer has authority to act on behalf of the client after her death. *Cheramie v. Orgeron*, 434 F.2d

721, 725 (5th Cir.1970).[1] Therefore, the attorney had no authority to file the Motion on behalf of Nancy Gilberti, and it is therefore denied.

Defendants filed two Motions for Sanctions against attorney Paul Fawkes, based on his delay in informing the Defendants of Plaintiff's death until October 8, 2013. Defendants accuse Mr. Fawkes of "conducting a bullying, hurry up offense" and making it appear as if Defendants would not cooperate with case management. Further, they request sanctions because he filed the Renewed Motion for Judgment on the Pleadings a month after the Plaintiff's death. Although Defendants are *pro se*, they are still bound by the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.

The Defendants did not comply with Local Rule 3.01(a) in that they did not include any case law in support of their request for sanctions. They also failed to comply with Rule 3.01(g) in that they did not include a statement that they conferred with opposing counsel before filing the motions and whether opposing counsel agreed with the relief requested. To the extent that Defendants move for sanctions under Rule 11 of the Federal Rules of Civil Procedure, the Defendants failed to serve the Motion to counsel requesting withdrawal of the Renewed Motion for Judgment on the Pleadings before filing the Motions for Sanctions with the Court. *See* Fed. R. Civ. P. 11. Therefore, the Court denies Defendants' Motions for Sanctions.

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Renewed Motion for Judgment on the Pleadings (Dkt. #9) is denied.

2. Defendants' Motions for Sanction for Professional Misconduct (Dkt. #15 and #17) are denied.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of October, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-821 judgment on pleadings.docx