Case 8:13-cv-00821-JSM-EAJ   Document 22   Filed 12/17/13   Page 1 of 2 PageID 66

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NANCY GILBERTI,

    Plaintiff,

v.                                                   Case No: 8:13-cv-821-T-30EAJ

NANCY WELLING and DAVID WELLING,

    Defendants.

_____

**ORDER**

THIS CAUSE comes before the Court upon the Defendants' Motion for Sanctions for Professional Misconduct (Dkt. #20) and Counsel's Response in Opposition to the Motion (Dkt. #21).

This Motion is Defendants' third attempt to have the Court impose sanctions on Plaintiff's counsel. In this Court's October 28, 2013 Order (Dkt. #13), the Court denied the two previous Motions for Sanctions (Dkts. #15 and 17). The Order indicated that

> The Defendants did not comply with Local Rule 3.01(a) in that they did not include any case law in support of their request for sanctions. They also failed to comply with Rule 3.01(g) in that they did not include a statement that they conferred with opposing counsel before filing the motions and whether opposing counsel agreed with the relief requested. To the extent that Defendants move for sanctions under Rule 11 of the Federal Rules of Civil Procedure, the Defendants failed to serve the Motion to counsel requesting withdrawal of the Renewed Motion for Judgment on the Pleadings before filing the Motions for Sanctions with the Court. *See* Fed. R. Civ. P. 11.

The Defendants have failed to comply with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida in this Motion. The Eleventh Circuit has held that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Woodburn v. State of Florida Dept. of Children & Family Services*, 854 F. Supp. 2d 1184, 1193 (S.D. Fla. 2011) (*citing Shuler v. Ingram & Assocs.*, 441 Fed. Appx. 712, 717 n. 3 (11th Cir. 2011) (*quoting Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006)). However, *pro se* litigants must still follow the court's procedural rules. *Id*. at 1194.

Further, the Defendants do not state any factual basis for their request for sanctions except to state that Plaintiff's attorney Paul R. Fowkes "misused the Court system to our detriment, even after his client died." Therefore, the Court has no basis to even construe the Motion to determine under what legal premise the Court should consider imposing sanctions.

It is therefore ORDERED AND ADJUDGED that Defendants' Motion for Sanctions for Professional Misconduct (Dkt. #20) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of December, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-821 sanctions 20.docx

2